UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHANNON LEWIS AVERY, SR., | CASE NO. 1:09-cv-00321-LJO-DLB PC |
| Plaintiff, | ORDER DISMISSING COMPLAINT, WITH LEAVE TO AMEND, FOR FAILURE TO STATE ANY CLAIMS UNDER § 1983 |
| v. | |
| SUZAN L. HUBBARD, et al., | (Doc. 1) |
| Defendants. | AMENDED COMPLAINT DUE WITHIN THIRTY DAYS |

**I.      Screening Order**

Plaintiff Shannon Lewis Avery, Sr. ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed his complaint on January 7, 2009, in the Northern District of California. (Doc. 1.) Plaintiff's case was transferred to the Eastern District of California on February 23, 2009. (Doc. 6.) Plaintiff's complaint is presently before the Court for screening.

**A.      Screening Requirement**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or

1 appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. §
2 1915(e)(2)(B)(ii).

3       "Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited
4 exceptions," none of which applies to § 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S.
5 506, 512 (2002); Fed. R. Civ. Pro. 8(a).  Pursuant to Rule 8(a), a complaint must contain "a short
6 and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ.
7 Pro. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's
8 claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. However, "the
9 liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams,
10 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not
11 supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union
12 Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268
13 (9th Cir. 1982)).

14      **B.**    **Summary of Plaintiff's Complaint**

15       Plaintiff is currently a state prisoner at Avenal State Prison ("ASP") in Avenal,
16 California, where the acts he complains of occurred. Plaintiff names the following defendants:
17 Suzan L. Hubbard, Director of the California Department of Corrections and Rehabilitation
18 ("CDCR"); James D. Hartley, Warden of ASP; M. Cruz, mailroom sergeant at ASP; Lieutenant
19 John Doe, supervisor of mailroom sergeant at ASP; J. Montana-Hiller, mailroom sergeant at
20 ASP; Schreiber, Warden's designee staff in the mailroom; and R. Gonzales, correctional officer
21 at ASP.

22       Plaintiff alleges the following. On December 23, 2007, Plaintiff mailed ten
23 legal/confidential letters. On December 24, 2007, Plaintiff received five of those letters back,
24 unsent. Defendant R. Gonzales was the officer who processed Plaintiff's mail. The letters were
25 returned for non-compliance with title 15 section 3141 of the California Code of Regulations.
26 (Doc. 1, pp. 8-9, ¶ 11-13.)

27       The letters to these five organizations were returned: Prison Book Project; Southern
28 Poverty Law Center; Human Rights Watch Prison Project; Books Through Bars; and Fortune

News. (Doc. 1, pp. 17-18, ¶¶ 49-53.) Plaintiff alleges that prison officials have interfered with his constitutional rights to communicate with legal counsel and the media. Plaintiff also alleges other instances in which defendants interfered with Plaintiff receiving and sending mail.

Plaintiff claims interference with his right to access the courts, interference with his personal mail and retaliation.

Plaintiff seeks as relief money damages, declaratory relief, and injunctive relief.

**C.    Plaintiff's Claims**

Plaintiff alleges several violations of the First Amendment. The Court will examine each claim as set forth below.

### 1.    *Access to the Courts*

Plaintiff alleges that his access to the courts was denied because Plaintiff's mail to a legal organization was denied and his access to the law library was not meaningful.

Inmates have a fundamental constitutional right of access to the courts. Lewis v. Casey, 518 U.S. 343, 346 (1996). The right is limited to direct criminal appeals, habeas petitions, and civil rights actions. Id. at 354. Claims for denial of access to the courts may arise from the frustration or hindrance of "a litigating opportunity yet to be gained" (forward-looking access claim) or from the loss of a meritorious suit that cannot now be tried (backward-looking claim). Christopher v. Harbury, 536 U.S. 403, 412-15 (2002). For backward-looking claims, plaintiff "must show: 1) the loss of a 'nonfrivolous' or 'arguable' underlying claim; 2) the official acts frustrating the litigation; and 3) a remedy that may be awarded as recompense but that is not otherwise available in a future suit." Phillips v. Hust, 477 F.3d 1070, 1076 (9th Cir. 2007).

The first element requires that plaintiff show he suffered an "actual injury" by being shut out of court. Christopher, 536 U.S. at 415; Lewis, 518 U.S. at 351; Phillips, 477 F.3d at 1076. The second element requires that plaintiff show defendants proximately caused the alleged violation of plaintiff's rights, "[t]he touchstone . . . [for which] is foreseeability." Phillips, 477 F.3d at 1077. Finally, the third element requires that plaintiff show he has no other remedy than the relief available via *this* suit for denial of access to the courts. Id. at 1078-79.

Plaintiff fails to allege he has suffered an actual injury by being shut out of court. Plaintiff alleges that prison staff at ASP have interfered with his ability to litigate Case No. 1:07-CV-01175-OWW-WMW, *Avery v. Director of CDCR, et al.* Plaintiff has not been shut out of court regarding that action because Plaintiff's allegations indicate that the action is currently before the court. Plaintiff thus fails to state a cognizable § 1983 claim for denial of access to the courts.

### 2. *Mail*

Plaintiff alleges that his First Amendment right has been unconstitutionally violated regarding both his outgoing and incoming mail.

#### A. Incoming Mail

Plaintiff alleges that his incoming mail from federal and state agencies is opened and sent through non-privileged mail by defendants. (Doc. 1, p. 20, ¶ 61.) Plaintiff also alleges that a picture frame and picture sent by a friend were improperly rejected by defendant Schreiber. (Id., p. 23, ¶ 73.) Prisoners have "a First Amendment right to send and receive mail." Witherow v. Paff, 52 F.3d 264, 265 (9th Cir. 1995). Prison regulations relating to the regulation of incoming mail are analyzed under the Turner reasonableness standard set forth in Turner v. Safley, 482 U.S. 78, 89-91 (1987). Thornburgh v. Abbott, 490 U.S. 401, 413-14 (1989). The regulation is valid if it is reasonably related to legitimate penological interests. Turner, 482 U.S. at 89. In determining the reasonableness of the regulation, the court must consider the following factors: (1) whether there is a "valid, rational connection between the regulation and the legitimate government interest put forward to justify it," (2) "whether there are alternative means of exercising the right," (3) the impact that the "accommodation of the asserted constitutional right will have on guards and other inmates," and (4) "the absence of ready alternatives." Turner, 482 U.S. at 89-90.

Plaintiff has not sufficiently alleged that defendants violated Turner with regards to Plaintiff's incoming mail from the state and federal agencies. Plaintiff alleges in his complaint that the mail is opened and sent through as non-privileged mail. (Doc. 1, p. 20, ¶ 61.) However,

mail from public officials or agencies does not necessarily have to be treated as legal mail.  See Mann v. Adams, 846 F.2d 589, 590-91 (9th Cir. 1988) (per curiam) (finding that mail from public agencies, public officials, civil rights groups, and news media may be opened outside the prisoner's presence in light of security concerns).  Plaintiff thus fails to state a cognizable First Amendment claim regarding his incoming mail.

Plaintiff also alleges that defendant Schreiber interfered with Plaintiff's mail when Schreiber refused to give Plaintiff a picture frame sent from a female friend.  (Doc. 1-2, p. 20, ¶ 228.)  Plaintiff does not sufficiently allege a cognizable First Amendment claim.  Plaintiff has not sufficiently alleged that Schreiber violated Turner regarding his treatment of the picture frame.

### B.   Outgoing Mail

Prisoners have a "First Amendment right to send and receive mail." Witherow v. Paff, 52 F.3d 264, 265 (9th Cir. 1995) (per curiam).  Censorship of outgoing prisoner mail is justified if the following criteria are met: (1) the regulation furthers "an important or substantial government interest unrelated to the suppression of expression" and (2) "the limitation on First Amendment freedoms must be no greater than is necessary or essential to the protection of the particular governmental interest involved."  Procunier v. Martinez, 416 U.S. 396, 413 (1974) (*limited by* Thornburgh v. Abbott, 490 U.S. 401, 413-14 (1989), only as test relates to incoming mail).

Plaintiff alleges that defendants interfered with his First Amendment rights by failing to mail Plaintiff's letters to the Prison Book Project, Southern Poverty Law Center, Human Rights Watch Prison Project, Books Through Bars, and Fortune News.  Plaintiff alleges that there is no justification for prison officials to deny sending these letters as confidential.

Plaintiff submits with his complaint the 602 prison grievance regarding his attempts to mail letters to the five organizations listed above.  (Doc. 1-2, ¶¶ 36-44, 54-55.)  The prison staff's rationale for not mailing these letters as confidential is that the organizations did not qualify for confidential mail purposes, except for the Southern Poverty Law Center.  (Id., p. 36.) The Director's level decision indicates that Plaintiff can send his legal/confidential mail as non-confidential mail.  (Id.) Plaintiff has thus not stated a cognizable First Amendment claim against

defendants because it does not appear that Plaintiff was actually prohibited from exercising his First Amendment rights.[1]

Plaintiff also alleges that prison mail staff interfered with his correspondence with the news media. Plaintiff alleges that he was told he could not correspond with the news media. It appears that Plaintiff complains of the prison mail staff not sending out his mail to Fortune News, which is a newsletter specifically for prisoners. (Doc. 1, pp. 16, 18, ¶¶ 45, 53.) As stated previously, however, Plaintiff has not stated a cognizable First Amendment claim because it does not appear from Plaintiff's complaint that Plaintiff was actually prohibited from exercising his First Amendment rights. Plaintiff's attempts to mail letters to Fortune News appear to have been possible via non-confidential mail. There is no special deference for media-related mail. See Mann v. Adams, 846 F.2d 589, 591 (9th Cir. 1988) (per curiam) ("the first amendment requires only that media mail be treated like all other non-privileged mail") (citation omitted).

Plaintiff also alleges three other instances in which ASP mail staff failed to mail Plaintiff's letters via confidential mail. Plaintiff alleges that one such instance occurred on May 12, 2008, when Plaintiff attempted to send letters as legal confidential mail to Erica C. Jones, DBTAC-Pacific Americans with Disabilities center, the Department of Veteran Affairs, Carol A Sobel, attorney at law, and Fortune Society. (Doc. 1, pp. 49-50, ¶156.). Plaintiff however has not sufficiently stated a cognizable First Amendment claim. Plaintiff has not sufficiently alleged how defendants have violated Procunier.

Plaintiff alleges another instance in which he attempted to mail letters as confidential mail to Bar Association of San Francisco Lawyers Referral Service, Sonoma County Legal Services Foundation, Legal Panel of the San Francisco Bay Area, Project Sentinel Referral Service, and Bay Area Police Watch. (Doc. 1-2, pp. 1-2.) Again, Plaintiff has not sufficiently alleged how defendants have violated Procunier.

Plaintiff alleges a third instance of mail interference. On September 23, 2008, Plaintiff

---

[1] It does not appear that Plaintiff's letters to any of these organizations would qualify as legal mail. Plaintiff does not allege he was communicating with his lawyer, but was rather soliciting legal assistance. (Doc. 1, p. 18, ¶ 54.) This is not sufficient to make such correspondence legal mail for purposes of the First Amendment. See Keenan v. Hall, 83 F.3d 1083, 1094 (9th Cir. 1986), *as amended by* 135 F.3d 1318 (9th Cir. 1998) (finding mail from the courts, as opposed to mail from a prisoner's lawyer, is not legal mail).

attempted to mail a letter as confidential mail to Lawyer Referral Services of the San Mateo County Bar Association, but the letter was sent back as not meeting the criteria for legal/confidential mail. (Doc. 1, p. 50, ¶ 159.) Again, Plaintiff has not sufficiently alleged how defendants have violated Procunier.

Plaintiff thus fails to state a cognizable First Amendment claim against defendants R. Gonzales, M. Cruz, J. Montana-Hiller, Schreiber, and Lieutenant John Doe.

### 3. *Retaliation*

Plaintiff alleges retaliation by defendants for filing grievances and civil complaints. (Doc. 1, pp. 25, 27, ¶¶ 82, 88.)  Allegations of retaliation against a prisoner's First Amendment rights to speech or to petition the government may support a § 1983 claim. Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir. 1985); see also Valandingham v. Bojorquez, 866 F.2d 1135 (9th Cir. 1989); Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir. 1995).  "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements:  (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005).

Here, Plaintiff does not sufficiently allege an adverse action against him by the defendants.  Plaintiff thus fails to state a cognizable retaliation claim.

### 4. *Supervisory Liability*

Plaintiff alleges that defendant Suzan Hubbard as Director of CDCR is responsible for the actions of ASP staff. (Doc. 1-2, p. 17, ¶ 224.)  Plaintiff alleges that James Hartley as the Warden of ASP failed to respond to Plaintiff's numerous complaints and as warden had the power to remedy any alleged violations. (Id. at ¶ 225.)  Plaintiff appears to be alleging liability based solely on their supervisory role.  Supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862

(9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979). To state a claim for relief under § 1983 based on a theory of supervisory liability, plaintiff must allege some facts that would support a claim that supervisory defendants either: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).  Although federal pleading standards are broad, some facts must be alleged to support claims under § 1983. See Leatherman v. Tarrant County Narcotics Unit, 507 U.S. 163, 168 (1993).

Plaintiff has not alleged any facts indicating that defendants Hubbard and Hartley personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" Hansen, 885 F.2d at 646. Plaintiff thus fails to state a cognizable § 1983 claim against defendants Hubbard and Hartley.

### 5. *Other Claims*

Plaintiff alleges violations of the Eighth Amendment, the Due Process Clause and Equal Protection Clause of the Fourteenth Amendment, and Privileges and Immunities Clause of Article IV of the United States Constitution. (Doc. 1-2, p. 21.)

To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain . . . ." Rhodes v. Chapman, 452 U.S. 337, 347 (1981). Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety. Id.; Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986); Hoptowit v. Ray, 682 F.2d 1237, 1246 (9th Cir. 1982). Here, Plaintiff's allegations regarding his mail do not rise to the level of a violation of the Eighth Amendment.

The Due Process Clause of the Fourteenth Amendment protects prisoners from being

deprived of life, liberty, or property without due process of law. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). "Where a particular amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing a plaintiff's claims." Patel v. Penman, 103 F.3d 868, 874 (9th Cir. 1996) (citations, internal quotations, and brackets omitted), *cert. denied*, 117 S. Ct. 1845 (1997); see County of Sacramento v. Lewis, 523 U.S. 833, 842 (1998). Plaintiff's claims are properly analyzed under the First Amendment, and not the Due Process Clause of the Fourteenth Amendment.

The Equal Protection Clause requires that persons who are similarly situated be treated alike. City of Cleburne v. Cleburne Living Center, Inc., 473 U.S. 432, 439 (1985). Plaintiff's allegations are not sufficient to state a cognizable Equal Protection Clause.

"[T]he Privileges and Immunities Clause 'reliev[es] state citizens of the disabilities of alienage in other States . . . .'" Ponderosa Dairy v. Lyons, 259 F.3d 1148, 1156 (9th Cir. 2001) (quoting Paul v. Virginia, 75 U.S. 168, 180 (1869)). "Discrimination on the basis of out-of-state residency is a necessary element for a claim under the Privileges and Immunities Clause." Giannini v. Real, 911 F.2d 354, 357 (9th Cir. 1990). Plaintiff alleges no issues regarding out-of-state residency, and thus the Privileges and Immunities Clause has no relevance here.

**II.     Conclusion**

Plaintiff's complaint fails to state any claims against any of the named defendants under § 1983. The Court will provide Plaintiff with an opportunity to file an amended complaint curing the deficiencies identified by the Court in this order. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must demonstrate how the conditions complained of have resulted in a deprivation of Plaintiff's constitutional rights. See Wood v. Ostrander, 879 F.2d 583, 587 (9th Cir. 1989). The complaint must allege in specific terms how each named defendant is involved. There can be no liability under § 1983

unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . ." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007) (citations omitted).

Finally, Plaintiff is advised that an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 15-220. Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed, with leave to amend, for failure to state any claims under § 1983;
2. The Clerk's Office shall send Plaintiff a complaint form;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint;
4. Plaintiff may not add any new, unrelated claims to this action via his amended complaint and any attempt to do so will result in an order striking the amended complaint; and
5. If Plaintiff fails to file an amended complaint, the Court will recommend that this action be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated:    **June 19, 2009**           /s/ **Dennis L. Beck**
                                    UNITED STATES MAGISTRATE JUDGE